UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Belling,                                    Civil No. 04-3976 (JNE/FLN)

    Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

Joan Fabian,
Commissioner of Corrections,

    Respondent.

___

Joseph Belling, Pro Se Petitioner.
Kimberly Parker, Assistant Attorney General for the State of Minnesota, for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#1]. This Court issued an Order directing the Respondent to Show Cause as to why Petitioner's Writ should not be granted [#3]. Respondent filed a response in opposition to Petitioner's petition [#11, #12]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Petitioner's application be denied and dismissed with prejudice.

## I. BACKGROUND

Petitioner Joseph Belling, a prisoner of the State of Minnesota, is currently incarcerated at the Minnesota Correctional Facility ("MCF") in Faribault, Minnesota. Petitioner is serving a 48-month sentence that was imposed by a Minnesota state district court after a jury found him guilty of second degree assault and the intentional discharge of a firearm.

According to evidence produced during Petitioner's trial, the incidents upon which Petitioner was found guilty occurred on February 20, 2002. At approximately 8:00 a.m. that day, Petitioner's wife called the Douglas County Sheriff's Office because she was concerned about her husband. She said that Petitioner had been drinking heavily and was acting paranoid and belligerent.

Three officers drove to Petitioner's home. Sargeant David Ahlquist and Chief Deputy Troy Wolbersen approached the house. They wore plain clothes and had their sidearms holstered and concealed below their coats. They walked up to the house through an open garage door. Ahlquist knocked on the door, and someone inside the house said, "Joe, should I answer the door?" After a few seconds, the officers knocked again. In response, someone from inside the house pounded loudly on the door. The officers stepped back from the door, and Ahlquist announced that they were there from the Sheriff's Office. Someone again pounded loudly on the inside of the door. The officers then backed out of the garage and took cover behind a utility shed in Petitioner's back yard. Both officers had their guns drawn by the time they reached the shed.

Ahlquist then used his cell phone to call Petitioner's house. An individual, later identified as Jeff Swansen, answered the phone. Through the phone, Ahlquist heard Swansen ask Petitioner if he wanted to talk to someone from the Sheriff's Office, to which Petitioner yelled "no," and uttered an obscenity. Ahlquist then heard Petitioner say "it's time to lock and load." As Ahlquist called for back-up, the officers heard a gunshot from inside the house. More shots were fired as the officers retreated from the shed to take cover behind a retaining wall. In total, Petitioner fired more than nine shots during a period of 20 to 25 minutes. He shot some toward the back yard and others into Alquist's unmarked squad car.

After the first shots were fired, the Officers saw that Swansen had emerged into the front

yard and was talking on a cell phone. Swansen was talking to the 911 dispatcher. Swansen reported that when he heard the first shot, he thought Petitioner had killed himself. He admitted loading a shotgun while in Petitioner's house, because he and Petitioner were in the middle of a business deal, and "everyone has enemies."

In response to Ahlquist's call for back-up, Sergeant Brian Schlueter, a negotiator with the Ottertail County Special Response Team, arrived and negotiated with Petitioner over the telephone. Belling admitted firing shots, but denied trying to hit anyone. Belling told Schlueter there were three people running around in his yard and he did not know who they were. After several phone calls, Belling came out of his house, and the officers took him into custody.

Following a three-day jury trial, Petitioner was found guilty of two counts of second degree assault and one count of intentional discharge of a firearm under circumstances that endanger the safety of another. Petitioner appealed his conviction and sentence to the Minnesota Court of Appeals. On appeal, Petitioner contended that: (1) the district court committed plain error when it failed to instruct the jury on self-defense and defense of property; (2) his attorney's failure to request these instructions denied him the effective assistance of counsel; and (3) the district court erred in denying the jury's request during deliberations for a copy of a 911 call made by appellant's friend. The Court of Appeals rejected all of Petitioner's claims and unanimously affirmed the conviction and sentence. State v. Belling, No. C7-03-161, 2003 WL 22889270 (Minn. App. Dec. 9, 2003), rev. denied (Minn. Jan. 28, 2004). The Minnesota Supreme Court denied Petitioner's application for further review.

Petitioner then filed the instant Petition seeking federal habeas corpus review of his conviction and sentence. The petition lists four grounds for relief: (1) that the district court

committed plain error by failing to instruct the jury on his right to use reasonable force in defense of his property; (2) that his counsel's failure to request such an instruction constituted the ineffective assistance of counsel; and 3) that the district court erred by denying the jury's request to replay a 911 phone call during jury deliberations. See Petition, p. 5A. In addition to these three claims, which Petitioner raised on direct appeal, he also claims that the officers were dressed in plain clothes and never identified themselves, and thus his actions in self defense were appropriate. Id. Petitioner did not raise this fourth argument below.

For the reasons discussed below, the Court concludes that Petitioner is not entitled to a writ of habeas corpus on any of his four claims for relief.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standards that govern this Court's review of habeas corpus claims raised by state prisoners. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court held that:

> A state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question

of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours....

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 405, 413. The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. 529 U.S. at 409, 411.

A writ of habeas corpus may also be available where the state courts' resolution of a case is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court...presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000).

Needless to say, a federal district court is not allowed to conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in Williams.

### III. DISCUSSION

A. **Petitioner's First, Third and Fourth Grounds for Relief Are Procedurally Defaulted**

   i. **Petitioner's Fourth Ground for Relief is Unexhausted**

A state prisoner must normally exhaust all available state judicial remedies before a federal court will entertain a petition for habeas corpus. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The state courts must have the first opportunity to hear the claim and "pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quotation omitted). The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process. O'Sullivan, 526 U.S. at 845; Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

In his Petition, Petitioner alleges four grounds for review by this Court: (1) that the district court committed plain error by failing to instruct the jury on his right to use reasonable force in defense of his property; (2) that his counsel's failure to request such an instruction constituted the ineffective assistance of counsel; and 3) that the district court erred by denying the jury's request to replay a 911 phone call during jury deliberations; and 4) that his actions in self defense were appropriate because the officers were dressed in plain clothes and never identified themselves. Petitioner raised the first three grounds to the Minnesota Court of Appeals and to the Supreme Court. Pet. for Rev. p. 2; State v. Belling, 2003 WL 22889270; Petition p. 3A. Petitioner never raised the fourth ground regarding the appropriateness of his actions to either the Court of Appeals or the Supreme Court. Pet. for Rev. p. 2. As such, Petitioner did not provide the state courts with the first opportunity to review the appropriateness claim, and Petitioner's fourth ground is unexhausted. Picard, 404 U.S. at 275-76.

### ii. Petitioner's First and Third Grounds for Relief Are Unexhausted Because He Did Not Fairly Present Them

Likewise, Petitioner failed to exhaust his first and third grounds because he never fairly presented those issues to the state courts. Exhaustion of state remedies is governed by whether the petitioner has presented a fair opportunity to the state court to rule on the claims presented in the federal petition. See Picard, 404 U.S. at 277. According to the law of the Eighth Circuit, a federal claim is fairly presented to the state courts if "the applicant for a writ of habeas corpus refer[s] to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988), quoting Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986).

Here, Petitioner did not alert the Minnesota state courts to the federal nature of his claims that the trial court erred by not instructing the jury on the reasonable use of force and self defense, and by declining to replay an audiotape of the 911 call during jury deliberations. Petitioner, in his Petition for Review by the Minnesota Supreme Court, cited no state case law indicating that the case was decided on federal grounds. The Court of Appeals' decision on these claims make no reference to any constitutional principle. Belling, 2003 WL 22889270. There is nothing in the petition for review that would have alerted the Supreme Court to the presence of a federal claim with respect to these two issues. See Baldwin v. Reese, 541 U.S. 27 (2004) (petition for writ of habeas corpus properly denied where the petition for discretionary review in the Oregon Supreme Court did not alert that court to the federal nature of his claim). Petitioner never framed or litigated the district court's alleged failure to instruct the jury sua sponte on self defense or the district court's refusal to replay the audiotape as federal issues. Therefore, Petitioner never fairly presented his two claims

to the state courts, and these two claims are unexhausted.[1]

### iii. Petitioner's First, Third and Fourth Grounds for Relief Are Procedurally Defaulted and Will Not Be Entertained

As set forth above, Petitioner has failed to exhaust grounds one, three and four. The relevant question then becomes whether these claims satisfy the exhaustion requirement because of a procedural bar at the state court level. Under Minnesota state law, when a petitioner has directly appealed a conviction, all claims raised in the appeal and all matters that were known but not raised, "will not be considered upon a subsequent petition for post-conviction relief." Greer v. State, 673 N.W.2d 151, 155 (Minn. 2004) (citations omitted). On his appeal, Petitioner failed to frame grounds one and three as issues implicating federal law. He also never raised his fourth claim to either state appellate court. Thus, Petitioner's three claims were "matters known but not raised." His failure to present these claims has effectively barred him from raising them again in a collateral state court action. Id. Accordingly, these three claims are procedurally defaulted pursuant to Minnesota law.

When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court. Yist v. Nunnemaker, 501 U.S. 797, 801 (1991). A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has not argued or demonstrated cause for failing to properly pursue his three claims in his appeal

---

[1] Even in his Petition for Writ of Habeas, Petitioner does not claim that the state court acted contrary to any United States Supreme Court case law. Petitioner merely alleges he has a "constitutional right...to bear arms in defense of property and self." The Court finds this cursory statement to be insufficient to state a basis for habeas relief.

to the state appellate courts. Nor has he made any contention or showing of actual innocence necessary to invoke the fundamental miscarriage of justice exception. See McCall v. Benson, 114 F.3d 754, 758 (1997). Accordingly, Petitioner's first, third and fourth claims should be rejected on the grounds of procedural default.

### B. Ineffective Assistance of Counsel Claim

Petitioner's second ground for habeas relief is that his attorney provided ineffective assistance of counsel by failing to request jury instructions on self defense and defense of property. This issue was raised and rejected below. The Court of Appeals concluded that because Petitioner "was not entitled to a self-defense or a defense-of-property instruction, his counsel's failure to request the instructions was not ineffective assistance." Belling, 2003 WL 22889270 at *5.

Before reaching the merits of Petitioner's ineffective assistance of counsel claim, it bears repeating that he is not entitled to de novo review of these claims in federal court. The AEDPA "mandates a deferential review of state court decisions." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001), quoting James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). It does not matter whether the federal court agrees or disagrees with the state court's analysis; a writ of habeas corpus can be granted only if the state court's resolution of the petitioner's claim "cannot reasonably be justified under existing Supreme Court precedent." Boyd, 274 F.3d at 500 (citations omitted). Here, the state court's resolution of Petitioner's ineffective counsel claim accords with Supreme Court precedent.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show his counsel's performance fell below

professional standards and that his defense suffered prejudice as a result. Boliek v. Bowersox, 96 F.3d 1070, 1073 (8th Cir. 1996), citing Strickland, 466 U.S. at 688. In evaluating the performance prong of the Strickland test, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. Rather than second-guessing counsel's conduct with the benefit of hindsight, the reviewing court must examine counsel's conduct with a high degree of deference. Id. at 689.

In this case, the Minnesota Court of Appeals correctly recognized that to succeed on a claim of ineffective assistance of counsel, "the defendant must affirmatively prove that his counsel's representation 'fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Belling, 2003 WL 22889270 at *4, citing Gates v. State, 398 N.W.2d 558, 561 (Minn. 1987) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984). The state court's recitation of the two-prong test prescribed by the Supreme Court in Strickland shows that the proper legal standards were applied to Petitioner's ineffective assistance of counsel claims. Therefore, the only issue to be decided here is whether Petitioner has demonstrated that the Minnesota Court of Appeals' ruling on his ineffective assistance of counsel claim involves an "unreasonable application of clearly established Federal law" to the facts of his case. 28 U.S.C. § 2254(d)(1). See Williams, 529 U.S. at 417 (Rehnquist, C.J., concurring in part and dissenting in part ("[g]enerally, in an ineffective-assistance-of-counsel case where the state court applies Strickland, federal habeas courts can proceed directly to an 'unreasonable application' review").

The Minnesota Court of Appeals concluded that because Petitioner "was not entitled to a self-defense or a defense-of-property instruction, his counsel's failure to request the instructions was

not ineffective assistance." See Belling, 2003 WL 22889270 at *5, citing Sullivan v. State, 585 N.W.2d 782, 785 (Minn. 1998). Under Minnesota law, a defendant is entitled to an instruction on his theory of the case only if there is evidence to support it. State v. Coleman, 373 N.W.2d 777, 781 (Minn. 1985). An element of self-defense in a criminal case is the "defendant's actual and honest belief that he or she was in imminent danger of death or great bodily harm and that the action taken was necessary to avert that danger." State v. McKissic, 415 N.W.2d 341, 344 (Minn. App. 1987). A self-defense instruction is not required where there is no evidence to support a finding that a defendant had reasonable grounds to believe that the force he used was reasonably necessary to prevent immediate bodily harm upon himself. State v. Stephani, 369 N.W.2d 540, 546 (Minn. App. 1985). Although a reasonableness determination is generally an issue for the fact-finder, the question may be decided as a matter of law when no reasonable mind could draw an adverse inference. State v. Glowacki, 630 N.W.2d 392, 402-03 (Minn. 2001).

The Court of Appeals determined that "[a]s a matter of law, the evidence that Belling produced [was] not sufficient to support a finding that Belling had reasonable grounds to believe that he was in imminent danger of death or great bodily harm or that the shooting he did was reasonably necessary to prevent any immediate harm." 2003 WL 22889270 at * 4. The Court of Appeals therefore determined that the district court did not err by not giving a self-defense instruction. The court similarly determined that because "there [was] no evidence that would support a finding that it was reasonable under the circumstances for [Petitioner] to elect to shoot a gun to defend his property...the district court did not error by not instructing the jury on defense of property." Id.

This Court finds nothing objectively unreasonable about the Minnesota Court of Appeals' resolution of Petitioner's ineffective assistance of trial counsel claims. Indeed, this Court fully

agrees with the State Court's resolution of those claims. Petitioner's counsel raised the issue of the self-defense instruction before the trial began, but the judge stated that he must first hear the evidence before he could determine if the jury should be instructed on self-defense. (T. 157-58). The Court agrees with the state court's determination that no evidence was produced at trial to establish that Petitioner had reasonable grounds to believe that the force he used was reasonably necessary to prevent immediate bodily harm upon himself or his property. Stephani; see also Strickland, 466 U.S. at 696, (when reviewing a claim of ineffective assistance, the court must consider the strength of the evidence adduced at trial). Accordingly, the evidence produced would not support an instruction on self-defense, and it was reasonable for Petitioner's counsel not to request the self-defense instruction. Thus, the Court concludes that Petitioner is not entitled to federal habeas relief on his claim of ineffective assistance of counsel.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED,** and that this action be **DISMISSED WITH PREJUDICE.**

DATED: May 6, 2005                              s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 25, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court,

and it is, therefore, not appealable to the Circuit Court of Appeals.